James H. Hooper, Appellee, v. John McGregor, Appellant.

## Gen. No. 15,057.

APPEALS AND ERRORS—*when exclusion of evidence will not reverse.* If the exclusion of particular testimony is complained of, in order to review the action of the trial court in that regard it must appear that the question calling for such evidence was put and an objection thereto sustained.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed July 15, 1910.

ROBERT W. MILLAR and WILLIAM PETTIS, for appellant.

JAMES H. HOOPER, appellee pro se.

Mr. Presiding Justice Chytraus delivered the opinion of the court.

This is a suit by the plaintiff, Hooper, for attorney's fees. Plaintiff first recovered a judgment for the amount of his claim, $157.08, before a justice of the peace; from that judgment the defendant appealed to the Circuit Court and there, upon a trial before a jury, plaintiff recovered a judgment for $150. This appeal is prosecuted by the defendant to reverse that judgment.

Having heard that the plaintiff, Hooper, had made collection of a claim for something like thirteen thousand dollars from the Great Western Coal and Coke Company two or three days previously, the defendant, McGregor, about August 1, 1905, called upon plaintiff and placed in his hands for collection a claim which he, the defendant, was asserting against that same Company for certain commissions amounting to $346.50.

After some discussion a written agreement between the plaintiff and defendant was made, which is as follows: ,

"Law offices, James H. Hooper, room 716 Oxford Building, Telephone Main 1414. Chicago, August 1st, 1905. I hereby employ James H. Hooper as attorney to collect claim of $346.50 against the Great Western Coal & Coke Company and agree to give him for his fees the sum equal to one-third of the amount collected and nothing unless successful, I to pay all the necessary court costs.

(Signed) John McGregor.

I hereby accept the above contract and agree to same.

(Signed) James H. Hooper."

Some attempt was made by Hooper to procure the allowance of a claim on behalf of defendant in a receivership, but, as plaintiff testified, an agreement had been entered into in the receivership matter a day or two previously for the discharge of the receiver and the allowance of the claim was denied by the court on the ground that the claim was filed too late. Plaintiff then immediately commenced an assumpsit suit against the Coal and Coke Company and caused to be issued a writ of attachment in aid. He then had served as

garnishees in that suit four railroad companies and two other parties, in various parts of the State. He filed a declaration, interrogatories to the garnishees, caused publication of notices to be made, etc. In this connection plaintiff advanced on behalf of McGregor $41.68 for costs. On September 28, 1905, Hooper was served with notice by the Coal and Coke Company's attorneys, that they held in their possession and subject to his inspection a release signed by McGregor to the Coal and Coke Company of the claim McGregor had and also a motion for the dismissal of the suit against the Company signed by McGregor himself. Upon receipt of this notice Hooper called upon McGregor and McGregor then informed Hooper that he had settled with the Company and had signed a motion to dismiss the suit. The motion to dismiss is in the record and bears date September 27, 1905. The suit instituted by Hooper was subsequently dismissed according to this motion. Whether McGregor obtained payment in full or less does not appear.

Plaintiff thereupon instituted this suit for his fees. It is clear that by his action defendant herein, McGregor, made performance by the plaintiff of the contract herein involved impossible.

If McGregor collected from the Coal and Coke Company $346.50, the full amount of his claim, he become liable to the plaintiff, under the contract, for one-third of the amount he collected, notwithstanding the fact that he, himself, made the collection. It is a fair presumption, upon this record, to presume that McGregor collected the full amount of his claim. McGregor had the knowledge of how much he collected. At the trial he did not choose to introduce any evidence on the subject. There is no evidence before us as to how much he collected. It was to McGregor's interst to show that less than the whole amount of his claim was collected if such were the fact. It was not to Hooper's interest to show that such was the fact.

Defendant testified that although when the written contract between himself and Hooper was made it was written that he, McGregor, should pay "all the necessary court costs"

and although he was aware that it was so written, yet the real agreement was that Hooper should pay all the costs and that they agreed to make the written agreement as it is because it was unlawful for a lawyer to pay the court costs. The burden of proof in this regard was upon the defendant. Hooper denied positively that the real agreement was that he should pay the costs. We do not think that McGregor's testimony can be considered sufficient to falsify the writing when sustained by the testimony of Hooper. Therefore even though McGregor's evidence were competent as against the written contract, yet McGregor should not have prevailed on that issue. McGregor does not pretend to deny that he agreed to pay Hooper one-third of any amount collected. The defense, while obliged to concede that the contract as written is legal and valid, seeks to establish by parol a different and other contract between the parties, which other contract would be unlawful and invalid. And, in that connection, complaint is made because the trial judge did not permit the defense to show by parol evidence the conversation in full between the parties at the time of the employment. This complaint was entitled to no consideration at our hands because in defendant's argument no question tending to bring out such conversation, to which objection was made and sustained and where an exception was taken, is specified or pointed out. We have, however, considered the subject and find that although the trial judge evidently regarded the testimony as incompetent because tending to vary a written agreement, yet McGregor did, as already stated, testify that the real agreement was different from the written one and that Hooper testified to the contrary. We, therefore, find no merit in the complaint. Furthermore it appears that in that respect substantial justice was done in the verdict returned and in the judgment rendered.

Other errors are complained of but in view of what has been said it would but unnecessarily lengthen this opinion to say anything more.

The judgment is affirmed.

*Affirmed.*